Parker C. J.
We suppose from the statement ol the case, that the plaintiff had good title to one quarter part of the vessel, which he purchased of Stinson, unless the defendant had before acquired a title or a legal lien by the writing produced by him, signed by the four owners, including Stinson who afterwards sold to the plaintiff.
The writing, on which the defendant relies, did not transfer the absolute title in the vessel, for that would have been contrary to the intention of the parties, nothing more being designed than a security for advances which the defendant might make towards the building and equipping the vessel; for in the same instrument provision is made for a future purchase, if the defendant should elect to buy any part, unless the owners should themselves dispose of her before.
The instrument does not amount to a mortgage, for it does not appear that there was any delivery of the vessel; and a *244 delivery is necessary to constitute a mortgage of a cnattel;* I besides, the vessel not being in existence as such, the instrument created only an executory contract, not a sale, conditional or absolute. Mucklow v. Mangles, 1 Taunt. 318; Robinson v. McDonnell, 2 Barn. & Aid. 134; Stringer v. Murray, 2 Barn. & Ald. 248.[1]
Neither can it amount to a pledge, because to constitute this kind of contract there must be not only a delivery over, but a continued possession by the pledgee of the thing pledged; and as soon as the thing is restored, the pledge ceases to exist.[2] Now it does not appear that there was any delivery over or possession of the vessel. The plaintiff’s title to one quarter is maintained.
The instrument on which the defendant relies, not amounting to a mortgage, or a pledge, or an absolute transfer, for the reasons before given, we can perceive no way in which he could have acquired a lien upon the vessel so as to defeat a subsequent purchaser bona fide and for a valuable consideration. The transaction has more analogy to a contract of bottomry, than to either species of contract mentioned. But it cannot avail in that form, because no ship was in existence when the contract was made, and the circumstances are not such as will justify a bottomry. In short, it seems to be an incomplete contract, for want of delivery or possession, and wholly incompetent to avoid a subsequent transfer. Had there been any evidence of knowledge, on the part of the plaintiff, of the advances made by the defendant, and the contract of *245 .he owners with the defendant, before the plaintiff purchased, his purchase might be deemed fraudulent and void; but, on the supposition that there was no such knowledge, his- title is valid.

Judgment according to verdict.

 See Carrington v. Smith, 8 Pick. 419; Butterfield v. Baker, 5 Pick (2d edit.) 525, and note 1. This is said to be contrary to the current of the authorities in Story’s Comm, on Bailments, (2d edit.) 197, note 4. See Bullock v. Williams, 16 Pick. 33; Forbes v. Parker, 16 Pick. 462.

 See Long on Sales (Rand’s1 edit.) 287; Clark v. Spence, 4 Adolph. & Ellis, 448; Simmons v. Swift, 5 Barn. & Cressw. 857; Sumner v. Hamblet, 12 Pick. 82, 83; Rhode v. Thwaites, 6 Barn. &. Cressw. 388; Goode v. Langley, 7 Barn. & Cressw. 26; Atkinson v. Bell, 8 Barn. & Cressw. 277; Carruthers v. Payne, 5 Bingh. 270; Woods v. Russell, 5 Barn. & Ald. 946; Oldfield v. Lowe, 9 Barn. & Cressw. 73.

 See Story’s Comm, on Bailments, (2d edit.) 197,201 el seq.; Lee v. Bradlee, 8 Martin, 20; Macomber v. Parker, 14 Pick. 497; Ash v. Savage, 5 N Hampsh. R. 547; Haven v. Low, 2 N. Hampsh. R. 13; Ward v. Sumner, 5 Pick. 60.